IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV93

| | |
|---|---|
| WILLIAM B. CUTSHALL, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> JOHN E. POTTER, Postmaster ) <br> General, U.S. Postal Service, ) <br> ) <br> Defendant. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's timely filed motion for review of the Clerk's Taxation of Costs. Having reviewed the existing record, the Court affirms the Clerk's Taxation of Costs awarding costs in the sum of $1,203.55 to the Defendant.

The Plaintiff filed suit against Defendant on April 21, 2003, alleging violations of Title VII of the Civil Rights Act of 1994. **See, Complaint, filed April 21, 2003.** Plaintiff claimed that he was discriminated against in his employment based on his race. **See, id.** The Court granted summary judgment in favor of Defendant on December 1, 2004, and the Fourth

Circuit Court of Appeals upheld the decision in an unpublished opinion. **See, Cutshall v. Potter, 146 Fed. Appx. 702 (4th Cir. 2005).**

Defendant filed its Bill of Costs with the Clerk following the Fourth Circuit's decision, seeking costs of $1,203.55. **See, Bill of Costs, filed January 3, 2006.** Plaintiff filed no objections to the Defendant's bill of costs. Therefore, finding the Defendant's costs supported by applicable law, the Clerk awarded costs to Defendant in the sum of $1,203.55. **See, Clerk's Taxation of Costs, filed January 24, 2006.** Plaintiff now files a motion for review of the Clerk's taxation of costs pursuant to Fed. R. Civ. P. 54(d)(1). **See, Plaintiff's Motion for Review of Clerk's Taxation of Costs, filed January 27, 2006.** Plaintiff asserts that "[t]he awarding of costs . . . to the Government will work a real hardship on Plaintiff due to his limited financial circumstances."[1] *Id.*, ¶ 4.

Rule 54(d)(1) establishes a presumption that the prevailing party will be awarded costs. **Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).** "[T]he 'normal practice' of awarding fees to the prevailing party [should not

---

[1] Although Plaintiff also refers to his "good faith" in bringing the underlying action, "good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." **Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999);** *see also,* **Plaintiff's Motion, ¶ 2.**

be deviated from] without first articulating some good reason for doing so." ***Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990).** While the losing party's ability or inability to pay an award of costs is a proper consideration for the Court in making the determination whether there is "good reason" not to award costs, the losing party must clear a high hurdle to convince the Court not to make such an award. As the Fourth Circuit has noted, even a plaintiff proceeding *in forma pauperis* "remains liable for paying the prevailing adversary's costs[.]" ***Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999).**

Here, Plaintiff has presented nothing but the naked assertion that paying the awarded costs would work a hardship on him due to his limited means. **See, Plaintiff's Motion,** ***supra.*** With nothing presented to the Court that would offer support for this assertion, Plaintiff has fallen well short of convincing the Court that he, unlike virtually every other losing party, including those proceeding *in forma pauperis*, should be spared paying costs to the prevailing party.

**IT IS, THEREFORE, ORDERED**, that Plaintiff's motion for review of Clerk's Taxation of Costs is **DENIED**; the Clerk's Taxation of Costs filed

January 24, 2006, is hereby **AFFIRMED**; and Defendant is awarded the costs as assessed therein.

Signed: February 15, 2006

Lacy H. Thornburg
United States District Judge